UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEANNA MICHELLE SPINA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI[1], Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 19-cv-05171-BLF<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[Re: ECF 30] |

    Plaintiff's counsel ("Counsel") moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) following Plaintiff's successful appeal of the denial of Social Security benefits. Counsel seeks an award of $58,614.00, which is 25% of the past due benefits awarded to Plaintiff and her minor child. Counsel's motion is GRANTED for the reasons discussed below.

    Plaintiff filed this action on August 19, 2019, seeking review of the denial of her application for Period of Disability and Disability Insurance Benefits. *See* Compl., ECF 1. The Court approved the parties' stipulation to voluntary remand on April 15, 2023. *See* Order, ECF 20. Plaintiff obtained a favorable result on remand, obtaining awards of past due benefits to herself and her minor child. *See* Notice of Award, ECF 30-3. Pursuant to a written fee agreement between Plaintiff and Counsel, Counsel is entitled to 25% of past due benefits awarded to Plaintiff and her family members. *See* Fee Agreement, ECF 30-2.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party in place of former Commissioner Andrew Saul. *See* Fed. R. Civ. P. 25(d).

1        As is standard, the Social Security Administration ("SSA") withheld 25% of the past due
2   benefits in order to pay any attorneys' fees that might be owed. *See* Notice of Award. The SSA
3   calculated 25% of past due benefits to be $58,614.00, comprising $39,078.75 withheld from
4   Plaintiff's award and $19,535.25 withheld from her minor child's award. *See id.* Under 42 U.S.C.
5   § 406(b), a court entering judgment in favor of a Social Security claimant who was represented by
6   an attorney "may determine and allow as part of its judgment a reasonable fee for such
7   representation, not in excess of 25 percent of the total of the past-due benefits to which the
8   claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "The United States
9   Supreme Court has held that auxiliary back benefits (benefits payable to the claimant's
10  dependents) are included in the total amount of back benefits to be considered for purposes of
11  attorneys' fees under 42 U.S.C. § 406(b)." *Arias v. Comm'r of Soc. Sec.*, No. 2:18-CV-02791-
12  KJN, 2020 WL 4923617, at *1 (E.D. Cal. Aug. 21, 2020) (citing *Hopkins v. Cohen*, 390 U.S. 530
13  (1968)).
14       The Court has conducted an "independent check" of the parties' contingent fee agreement
15  to assure that the agreed-upon 25% of past due benefits is reasonable in this case. *Gisbrecht v.
16  Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of such arrangements
17  as an independent check, to assure that they yield reasonable results in particular cases.").
18  Counsel obtained a fully favorable benefits award, resulting an award of past due benefits in the
19  amount of $234,456 to Plaintiff and her dependent child. Nothing in the record suggests that
20  Counsel's performance was substandard or that Counsel delayed proceedings in an effort to
21  increase the amount of fees awarded. To the contrary, Counsel was able to negotiate a stipulated
22  remand before completion of motion briefing, which reduced the time Counsel expended in
23  district court to 25 hours. *See* Trompeter Decl., ECF 30-5.
24       The requested fees award of $58,614.00 for 25 hours of work results in an effective hourly
25  rate of $2,344.56, which would not pass muster under the lodestar method. However, the
26  Supreme Court has held expressly that the lodestar method does not apply to an award of
27  attorneys' fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806-07 ("It is also unlikely that
28  Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due

2

benefits boundary, intended to install a lodestar method courts did not develop until some years later."). Courts in this district have approved contingent fee agreements resulting in similar hourly rates in Social Security cases. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases). Both the Government and Plaintiff were given notice of Counsel's motion for attorneys' fees and neither has filed opposition. Having considered all of the relevant circumstances, the Court finds it reasonable to award Counsel attorneys' fees in the amount of $58,614.00 pursuant to the contingent fee agreement entered into by Plaintiff and Counsel.

Where attorneys' fees have been awarded pursuant to the Equal Access to Justice Act ("EAJA"), the EAJA fees must be offset against any fees awarded under § 406(b). *See Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and alterations omitted). Counsel acknowledges that EAJA fees in the amount of $5,200.00 were awarded in this action, and that she must refund that amount to Plaintiff.

**ORDER**

(1) Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $58,614.00; and

(2) Counsel SHALL refund to Plaintiff the $5,200.00 in EAJA fees previously awarded.

Dated:  June 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge